CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 18 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| L. DOUGLAS BIRKHEAD<br><br>*Plaintiff,*<br><br>v.<br><br>ST. ANNE'S-BELFIELD, INC.,<br><br>*Defendant.* | CIVIL ACTION NO. 3:04-CV-00092<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a Motion to Dismiss or, In the Alternative, Motion For Summary Judgment, filed by Defendant St. Anne's Belfield ("St. Anne's") on January 13, 2005. The Court heard oral argument on the motion on February 15, 2005. Because this Court finds that a genuine issue of material fact exists, the motion shall be denied.

I.

This case concerns the technical notice provisions concerning health coverage for the Employee Retirement Income Security Act of 1974 ("ERISA"). Janet Birkhead, the mother of Plaintiff Duffy Birkhead, was an employee at St. Anne's until August 2002. While employed, Janet Birkhead participated in the St. Anne's group health plan, which covered her and each member of the family, including Plaintiff. St. Anne's was the administrator of this health plan.

1

Upon her retirement from St. Anne's, Janet Birkhead elected to exercise her right to continuing health coverage for herself and her family members as provided by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), which amends ERISA. Janet Birkhead's retirement qualified as a "qualifying event" under COBRA, *see* 29 U.S.C. § 1163(2), which triggers a certain statutory procedural process for employees seeking further coverage. The parties agree that at this stage, Janet Birkhead's election for this COBRA coverage followed that process properly. Under COBRA terminology, Janet Birkhead therefore continued to be a "covered employee" and her family members, including Plaintiff, were all "qualified beneficiaries." 29 U.S.C. § 1167.

Several months later, on October 17, 2005, Plaintiff turned twenty five years of age. Because Plaintiff was a qualified beneficiary under COBRA, his twenty-fifth birthday constituted another "qualifying event" under COBRA, *see* 29 U.S.C. § 1163(5), again triggering COBRA's particular procedural process. Specifically, when any particular "qualifying event" occurs pursuant to 29 U.S.C. § 1163, COBRA contemplates that the relevant parties will provide notice to one another under 29 U.S.C. §1166, listed in relevant part as follows:

> (a) In general. In accordance with regulations prescribed by the Secretary—
> . . .
> (3) each covered employee or qualified beneficiary is responsible for notifying the administrator of the occurrence of any qualifying event described in paragraph (3) or (5) [of 29 U.S.C. § 1163] within 60 days after the date of the qualifying event . . . .
> . . .
> (4) the administrator shall notify—
> . . .
> (B) in the case of a qualifying event described in paragraph (3) or (5) of [29 U.S.C. § 1163], where the covered employee notifies the administrator under paragraph (3), any qualified beneficiary with respect to such event,

of such beneficiary's rights under this subsection.

29 U.S.C. §1166. As described above, Plaintiff's twenty-fifth birthday was a qualifying event under 29 U.S.C. § 1163(3). For this reason, that event triggered the above-described notice provisions of 29 U.S.C. § 1166(a)(4)(B).

The parties agree that less than a month after that event, on November 15, 2002, Janet Birkhead's health insurer, Trigon (now Anthem), sent St. Anne's notice of the qualifying event. Further, although St. Anne's disputes this claim, Plaintiff also argues that his father contacted St. Anne's by phone on or around November 20, 2002 and orally provided them with notice. As noted, Plaintiff's father was a qualified beneficiary under Janet Birkhead's COBRA coverage at that time.

Notwithstanding receiving actual notice of the qualifying event, St. Anne's did not notify Plaintiff himself of the qualifying event or of his rights of continuing coverage, as contemplated by § 1166(a)(4)(B) of the COBRA statute. Plaintiff argues that this failure was subject to COBRA's statutory penalty provisions. Pursuant to 29 U.S.C. § 1132(c), Congress has provided that any administrator "who fails to meet the requirements of . . . paragraph (4) of section 1166" with respect to participant or beneficiary "may be personally liable to such participant or beneficiary in the amount of up to $100 a day." 29 U.S.C. § 1132(c). Plaintiff now seeks those damages.

II.

This is a motion to dismiss under 12(b)(6) or, in the alternative, a motion for summary

3

judgment. Because both sides have submitted exhibits outside of the Complaint either disputing or supporting facts alleged in the complaint, St. Anne's motion should be considered as one for summary judgment. See Fed. R. Civ. P. 12(b) (noting that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment").

Summary judgment is appropriate only if, viewing the record as a whole in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.*, 763 F.2d 604, 610 (4th Cir. 1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted). The Court therefore accepts as true that Plaintiff's claim that his father provided oral notice to St. Anne's in a telephone conversation on or around November 20, 2002.

### III.

This matter calls for the interpretation of COBRA's notice provisions. St. Anne's argues that it is entitled to summary judgment because its obligations to provide Plaintiff with written notice of the qualifying event and his rights were never triggered under 29 U.S.C. § 1166(a)(4)(B). Specifically, § 1166(a)(4)(B) provides that an administrator only has notice responsibilities "where the *covered employee* notifies the administrator under paragraph (3)." St. Anne's argues that at no point did the covered employee, namely Janet Birkhead, provide it with

4

notice of the qualifying event. It concedes that Trigon sent it notice of the event, and for purposes of summary judgment, we assume it also received oral notice from Plaintiff's father. Nevertheless, because neither of these parties is the "covered employee" described in 29 U.S.C. § 1166(a)(4)(B), St. Anne's argues that its responsibilities under that provision never were triggered, thereby insulating the school from statutory liability.

The Court finds this argument unpersuasive. It is true that § 1166(a)(4)(B) literally states that a provider has notice obligations "where the covered employee notifies the administrator." Nevertheless, a plain reading of this provision, taken in the context of its Section, indicates that it is not designed to be so limiting. By its own terms, the clause in this subsection is a reference to paragraph (3) of § 1166(a). Marked off by commas, it is designed to be parenthetical, and it points readers back to those specific notice procedures.[1] For this reason, the clause should be seen as a placeholder, or shorthand reference, to the already-described notice obligations that paragraph (3) imposes upon health care consumers. As noted by Plaintiff, the controlling language in paragraph (3) is not nearly as limiting as this shorthand. Instead of requiring that notice can provided only by the covered employee, it provides that "each covered employee *or qualified beneficiary* is responsible for notifying the administrator of the occurrence of any qualifying event." 29 U.S.C. § 1166(a)(3) (emphasis added). Thus, when § 1166(a)(4)(B) is read in the context of the Section as a whole, it becomes clear that not notice may be provided by not only a covered employee, but also a qualified beneficiary. Here, because Janet Birkhead's husband is a "qualified beneficiary," his notice would satisfy the statute, triggering the

---

[1] The language provides that the administrator shall notify: "in the case of a qualifying event . . . , where the covered employee notifies the administrator *under paragraph (3)*, any qualified beneficiary." 29 U.S.C. § 1166(a)(4)(B) (2004) (emphasis added).

5

administrator's responsibilities under § 1166(a)(4)(B). A plain reading of the Section as a whole supports this view.

Further, the Court also notes in passing that if this conflict arose today, St. Anne's unquestionably would be responsible for providing Plaintiff with notice under the circumstances. Although it is not binding on the parties today, a federal regulation enacted in 2004 (only after the events of this case) specifically provides that if a plan administrator has not established reasonable requirements concerning the procedures for providing notice, "such notice shall be deemed to have been provided *when a written or oral communication* identifying a specific event is made in a manner *reasonably calculated to bring the information to the attention* of . . . the person or organizational unit that customarily handles employee benefits matters of the employer." 29 C.F.R. § 2590.606-3(b)(4)(i) (effective July 26, 2004) (emphasis added). Here, St. Anne's had not established its own requirements concerning the procedures for providing notice, the communications it received each were a reasonable form of notice. Thus, if the matter arose today, the notice that St. Anne's received would be sufficient to trigger §1166(a)(4)(B) responsibilities for St. Anne's. Although this federal regulation is not binding here, it does provide this Court with further persuasive authority concerning the meaning of 29 U.S.C. § 1166. In promulgating this regulation, the Department of Labor evidently concluded that the language of § 1166(a)(4)(B) does not preclude various sources from providing notice to an administrator, and not just a covered employee acting personally. In this sense, the Department of Labor has concluded that the "covered employee" language § 1166(a)(4)(B) is not designed to be exclusive. In light of this Court's preceding analysis regarding the statutory language, the Court finds no reason to question such a reading.

Ultimately, the interpretation of § 1166(a)(4)(B) is a matter of common sense. When construing the language of a statute, a court "should venture beyond the plain meaning of the statute only in those rare instances in which there is a clearly expressed legislative intent to the contrary, in which a literal application of the statute would thwart its obvious purpose, or in which a literal application of the statute would produce an absurd result." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 603 n.2 (4th Cir. 1999) (citations omitted). Here, the plain meaning of the statute, taken as a whole, is that either a covered employee or a qualified beneficiary can provide notice of a qualifying event to an administrator. Given our assumption that Janet Birkhead's husband, a qualified beneficiary, provided notice to St. Anne's, it would not be absurd to find that this notice was adequate. In fact, it is the reading proposed by St. Anne's that would produce absurdities. Under that reading, Mr. Birkhead could not effectively provide notice to St. Anne's even though he is the spouse of a covered employee, is himself covered under the plan, and is calling on behalf of their son. In handling healthcare issues on behalf of his family, Mr. Birkhead acted same way parents and spouses do every day. Nevertheless, St. Anne's suggests a reading in which *only* a covered employee, acting *only* in his or her personal capacity, without the assistance of even a family agent, can provide effective notice. The statute simply does not bear out this construction.

In light of the foregoing, this Court finds that there is indeed a genuine issue of material fact" that precludes disposal of this case by summary judgment. Accordingly, St. Anne's motion for summary judgment shall hereby be denied.

7

ENTERED: /s/ Norman K. Moon
U.S. District Judge

4-18-05
Date